## SCHRAM v. SAGE et al.

### No. 3317.

District Court, E. D. Michigan, S. D.

Aug. 13, 1942.

382

Robert S. Marx and John A. Hird, both of Detroit, Mich., for plaintiff.

Griffin, Emery & Seely, of Detroit, Mich., for defendant Brandt.

Stanley E. Hathaway, of Detroit, Mich., for defendant Sage.

LEDERLE, District Judge.

### Findings of Fact.

1. Plaintiff, B. C. Schram, is the duly appointed, qualified and acting Receiver of First National Bank—Detroit, an insolvent national banking association of this District, engaged in winding up the affairs of said bank. As a result of such liquidation plaintiff has on hand the sum of $160.61 cash and 3 5/15 shares of the capital stock of Mueller Brass Company of Port Huron, Michigan, claimed by each defendant as his sole property. Disclaiming any interest therein himself, plaintiff filed this bill of interpleader on April 8, 1942, setting up defendants' adverse claims to the property and seeking a determination of the ownership thereof.

2. In accordance with an order entered herein and mailed to counsel of record, counsel for the three parties appeared for a Pre-Trial Conference to consider and determine matters within the purview of Rule 16, Federal Rules of Civil Procedure, 28 U. S.C.A. following section 723c. As a result thereof a detailed stipulation of facts was filed, which is hereby adopted as part of these findings.

3. Briefly, the facts are as follows: (a) Defendants' divergent claims arise out of a written agreement dated March 2, 1931, between plaintiff's predecessor bank, defendant Brandt, and defendant Sage's assignor, Huebner & Company. Defendant Brandt was indebted to such bank in the amount of approximately $1,000, evidenced by a note. As security for this, he had pledged 10 shares of the capital stock of the Sky Specialties Company and 100 shares of the capital stock of Foote Burt Company which stock had stood in his name. He was also indebted to Huebner & Company in the amount of $521.44. By the agreement of March 2, 1931, all existent rights of the bank were preserved, the bank retained possession of the stock and defendant Brandt assigned all his right, title and interest in such stock to Huebner & Company as security for the payment of notes to that company evidencing his debt, agreeing to protect the equity thereby granted to such company, and giving such company the right in event of default to sell the stock at public or private sale plus the absolute right to sell at a specified price, proceeds of sale to be applied first to payment of the bank note, secondly to payment of the Huebner notes, surplus, if any, to defendant Brandt.

(b) On June 22, 1932, the balance of the debt of defendant Brandt to Huebner & Company was reduced to judgment in the Detroit Common Pleas Court. Under the Michigan Statute of Limitations, Section 13976, Compiled Laws for 1929, such a judgment outlaws in six years unless renewed. No renewal was procured. The unpaid principal of this Brandt to Huebner debt is $212.66. No tender of this nor any other amount has been made by defendant Brandt to defendant Sage.

(c) In 1933, the bank received a permanent certificate covering the 10 shares of Sky Specialties Company stock which had previously been represented by a temporary certificate, and subsequently exchanged this permanent certificate for the certificate here involved representing 3 5/15 shares of stock of Mueller Brass Company, this latter exchange being necessitated by the latter company purchasing all the Sky Specialties assets in exchange for Mueller Brass Stock.

(d) At the time of executing the March 2, 1931, agreement in question, the 100 shares of Foote-Burt stock stood in the name of the bank's nominee, as per authority granted by the existing Brandt-bank pledge agreement.

(e) On August 25, 1935, plaintiff sold the Foote-Burt Co. stock in foreclosure of the pledge to the bank, crediting $623.87 to extinguish the Brandt debt to the bank, and leaving remaining the property in question, namely $160.61 cash and certificates M—137 and B—106 representing 3 5/15 shares of stock of Mueller Brass Company.

(f) About July 31, 1939, defendant Sage received an assignment covering this Brandt claim owned by Huebner & Company.

(g) Plaintiff has always been ready and willing to surrender the property in question to the legal owner, and filed this bill for a determination thereof because of defendants' inconsistent claims.

### Conclusions of Law

1. This court has jurisdiction of this controversy as a case in connection with winding up the affairs of a national banking association. 28 U.S.C.A. § 41(16)

2. As stated in Section 8, Restatement of the Law of Security: "Where a chattel is in the possession of a third person a pledge may be created by assent of the pledgor and notification by either pledgor or pledgee to the third person that the chattel has been pledged to the pledgee."

3. By the agreement of March 2, 1931, chattels, the stock certificates, in possession of a third person, the bank, were pledged to the pledgee (Huebner & Company, through whom defendant Sage claims) by assent of the pledgor (defendant Brandt), of which pledge the bank had notice. This created a pledge junior to the bank's pledge, and upon termination of the superior pledge the junior pledgee was entitled to possession of the remainder of the pledged property.

4. Assignment of a debt secured by pledged property in possession of a third person operates as a transfer to the then-creditor of all the pledgee's rights, so that upon assignment to defendant Sage of the judgment, he succeeded to all rights of Huebner & Company in said pledge agreement securing such debt. Section 29, Restatement of the Law of Security.

5. A creditor, as Sage, may hold and realize on collateral pledged to secure a debt, although action on the debt is barred by limitation, as here, and the pledgor, Brandt, cannot recover possession of the pledged property without paying the debt, although it be barred by limitation, as here. 37 C.J. 701; Hodge v. Truax, 184 Wash. 360, 51 P.2d 357, 103 A.L.R. 420, 430.

6. It therefore follows that a judgment must and shall be entered directing the plaintiff to deliver to defendant Sage, as pledgee, the sum of money and securities above mentioned, and upon such delivery to stand discharged from any further obligation to either defendant in connection with the matters in controversy, with costs to plaintiff and defendant Sage, taxable against defendant Brandt, for which execution may issue.